STATE OF NORTH CAROLINA v. JAMES W. LEDFORD

No. 7023SC389

(Filed 5 August 1970)

1. Escape § 1— felonious escape — service of sentence for felony — State's burden of proof

In order to convict defendant of the offense of felonious escape as charged in the bill of indictment, the State had to prove, among other things, that at the time of the escape defendant was in the lawful custody of the State Department of Correction and was serving a sentence imposed upon a plea of guilty, a plea of *nolo contendere,* or a conviction for a felony.

State v. Ledford

2. **Escape § 1— proof of lawfulness of custody — competency of commitment**

A properly certified copy of the commitment is competent in an escape prosecution to show the lawfulness of the custody and the type of offense for which defendant was committed.

3. **Escape § 1— felonious escape — failure to require jury to find defendant in custody for felony**

In this prosecution for felonious escape, the trial court erred in failing to instruct the jury that in order to convict defendant of the felony of escape it must find that defendant was imprisoned or in lawful custody serving a sentence imposed after conviction, a plea of guilty or a plea of *nolo contendere* to a felony.

4. **Escape § 1— custody of Highway Commission foreman — prosecution under G.S. 148-45**

Defendant's contention that he should have been tried for escape under G.S. 14-255 rather than under G.S. 148-45 is without merit where the evidence shows that when he escaped defendant was in the custody of the State Department of Correction and was under the supervision of a foreman for the State Highway Department, and there is no evidence that defendant was being hired out by a county, city or town under the provisions of G.S. 14-255.

APPEAL by defendant from *Beal, S.J.,* April 1970 Regular Mixed Session of Superior Court held in WILKES County.

Defendant was convicted upon a bill of indictment charging the offense of felonious escape on 15 July 1969 from custody of the Wilkes County Subsidiary No. 6557 of the State Department of Correction. The indictment contains the allegation that defendant was serving a sentence imposed at the March 1966 Term of Superior Court held in Mecklenburg County for the felony of breaking and entering with intent to commit a felony. From a sentence of six-months imprisonment, the defendant assigned error and appealed to the Court of Appeals.

*Attorney General Morgan and Staff Attorney Safron for the State.*

*Julius A. Rousseau, Jr., for defendant appellant.*

MALLARD, C.J.

[1, 2] In order to sustain a conviction of this defendant for the offense of escape charged in the bill of indictment, the State must prove, among other things, from the evidence and beyond a reasonable doubt that at the time of the escape the defendant was in the lawful cusody of the State Department of Correction

(G.S. 148-6) and was serving a sentence imposed upon a plea of guilty, a plea of *nolo contendere,* or a conviction for a felony. *State v. Cooper,* 275 N.C. 283, 167 S.E. 2d 266 (1969) ; *State v. Stallings,* 267 N.C. 405, 148 S.E. 2d 252 (1966). A properly certified copy of the commitment is competent, when introduced into evidence, to show the lawfulness of the custody and the type of offense for which he was committed. *State v. Cooper, supra;* *State v. Vaillancourt,* 268 N.C. 705, 151 S.E. 2d 610 (1966).

The defendant excepts to the following portion of the charge:

"* * * (I)f you find from the evidence and beyond a reasonable doubt that the defendant, James W. Ledford was in lawful custody of the North Carolina Department of Correction on the 15th day of July, 1969, and if you further find that he was in the custody of Mr. L. L. Yates, Superintendent of the Wilkes County Subsidiary No. 6557 of the North Carolina State Prison System or the North Carolina Department of Correction, and if you further find that while in such lawful custody that he was serving a sentence which was imposed in the Superior Court of Mecklenburg and if you further find that he did willfully and unlawfully escape or attempt to escape from the custody of the said L. L. Yates, Superintendent of the Wilkes County Subsidiary No. 6557 of the North Carolina Department of Correction at Wilkesboro, N. C., and if you so find from the evidence and beyond a reasonable doubt, then and in that event, it would be your duty to return a verdict of guilty."

[3] This exception is well taken. The vice in the foregoing instruction is that the court instructed the jury that if the defendant was in the lawful custody of the North Carolina Department of Correction serving a sentence imposed upon him in the Superior Court of Mecklenburg County and that if he unlawfully escaped or attempted to escape, he would be guilty. The defendant in this case was charged with the felony of escape. The court did not require the jury to find that the defendant was imprisoned or in lawful custody serving a sentence which was imposed in the Superior Court of Mecklenburg County after a conviction, a plea of guilty, or a plea of *nolo contendere* to a felony. There are two classes of escape from the State prison system. One is a felonious escape and the other is a mis-

demeanor. G.S. 148-45(a). The defendant was entitled to have his case submitted to the jury on the question of whether he was imprisoned while serving a sentence imposed for a felony or for a misdemeanor. The court in the above portion of the charge did not distinguish between felonious escape and a non-felonious escape. The defendant was entitled to have the case so presented. Moreover, in the record in this case the commitment does not appear, and the evidence does not show whether the defendant was serving a prison term imposed for a felony or a misdemeanor. The commitment is referred to in the evidence and was offered into evidence but was not brought up on this appeal.

[4]   Defendant also contends that the sentence imposed was excessive because he should have been tried under G.S. 14-255 rather than G.S. 148-45. There is no merit in this contention. G.S. 14-255 relates to a prisoner escaping from a person having him in custody after such prisoner shall have been hired out by a county, city or town. There is absolutely no evidence in this case that the defendant was being hired out by a county, city or town under the provisions of G.S. 14-255. The evidence is that the defendant was in the custody of the North Carolina Department of Correction and was under the supervision of a foreman for the State Highway Department. *State v. Whitley,* 264 N.C. 742, 142 S.E. 2d 600 (1965).

The defendant has other assignments of error which we do not deem necessary to discuss since they may not recur on a new trial.

New Trial.

PARKER and HEDRICK, JJ., concur.