STATE OF NORTH CAROLINA v. RICHARD McCLOUD

No. 716SC252

(Filed 26 May 1971)

Escape § 1— felonious escape — failure to instruct jury that defendant was serving time for felony

    In a prosecution charging defendant with the felony of escaping from the lawful custody of the Department of Correction while serving time for a felony, the trial court must instruct the jury that they must find beyond a reasonable doubt that defendant was serving a sentence for a felony conviction at the time of his escape; the failure to do so is reversible error. G.S. 148-45.

APPEAL by defendant from *Tillery, Judge,* 15 December 1970 Session of Superior Court held in HALIFAX County.

Defendant was tried on his plea of not guilty upon the following bill of indictment:

    "THE JURORS FOR THE STATE UPON THEIR OATH PRESENT, That Richard McCloud late of the County of Halifax on the 11 day of Sept. 1970 with force and arms, and in the County aforesaid, while he the said Richard McCloud was then and there lawfully confined in the North Carolina State Prison System in the lawful custody of State Dept. of Correction, Fred Ross, Supt. and while then and there serving a sentence for the crime of safecracking which is a felony under the laws of the State of North Carolina, imposed at the July 16, 1969 session Superior Court, Guilford County, then and there unlawfully, wilfully, and feloniously did attempt to escape and escaped from the

said State Dept. of Correction, Fred Ross, Supt. against the form of the statute in such case made and provided, and against the peace and dignity of the State."

Defendant waived his right to counsel in superior court. The jury returned a verdict of guilty. From the sentence imposed, the defendant appealed to the Court of Appeals. The trial judge assigned counsel to represent the defendant on his appeal.

*Attorney General Morgan and Staff Attorney Eatman for the State.*

*Charlie D. Clark, Jr., for defendant appellant.*

MALLARD, Chief Judge.

The evidence for the State tended to show that the defendant, at the time of the alleged escape, was in the custody of the Department of Correction. He was serving a sentence of 25 to 40 years for the felony of "safecracking" under a commitment dated 16 July 1969. On 11 September 1970 the defendant escaped from an officer of the Department of Correction who was in charge of a work squad. Dogs were called in to trail the defendant, and he was apprehended the same afternoon.

The defendant excepted to and assigned as error the following portions of the instructions given by the judge to the jury:

"Now in order for the defendant to be convicted of the offense with which he is charged, that is a felonious first escape, it is necessary that the State of North Carolina shall prove two things. First, it is necessary that the State prove beyond a reasonable doubt that the defendant was in lawful custody of lawful authorities of the State of North Carolina at the time referred to in the bill of indictment, which was the 11th day of September, 1970.

In addition to that, the State must also prove beyond a reasonable doubt that on the 11th day of September, 1970, the defendant while in lawful custody escaped.

\* \* \*

In order for . . . so I say to you ladies and gentlemen, if you find from the evidence and beyond a reasonable doubt that on the 11th day of September, 1970 the defendant was

in the lawful custody of the authorities of North Carolina, the Department of Correction to be specific, and if you further find that he fled from that confinement and failed to subject himself to it until the time that he would have been lawfully delivered therefrom by operation of law, if you find each of these elements to exist beyond a reasonable doubt, then it would be your duty to return a verdict of guilty."

G.S. 148-45 makes it a misdemeanor for a prisoner to escape under some circumstances and a felony under other circumstances. The defendant's plea of not guilty put in issue every essential element of the crime charged. The defendant was charged with escaping from the lawful custody of the State Department of Correction *while then and there serving time for a felony*. The trial judge did not instruct the jury that before they could convict the defendant of the *felony* of escape *charged,* they must find beyond a reasonable doubt that at the time of the escape he was serving a sentence imposed upon conviction of a felony. The failure to instruct the jury as to this essential element of the crime charged was prejudicial error which entitles the defendant to a new trial. *State v. Ledford,* 9 N.C. App. 245, 175 S.E. 2d 605 (1970).

New trial.

Judges PARKER and VAUGHN concur.