STATE OF NORTH CAROLINA v. LEWIS EDWARD TURNER

No. 717SC369

(Filed 14 July 1971)

1. **Constitutional Law § 31— accused's right to be present at trial**

   The accused in a criminal prosecution has a right to be present at the trial unless he waives that right.

2. **Constitutional Law § 31— waiver of right to be present at criminal trial**

   Where defendant voluntarily absents himself from the courtroom, and especially when he has fled the court, such conduct may be considered and construed as a waiver of his right to be present at the trial, and the presence of defendant is not essential to a valid trial and conviction.

3. **Constitutional Law § 31— waiver of right to be present at criminal trial — failure to appear for second day of trial**

   Where defendant failed to appear for the second day of his trial, but had his wife deliver a letter to his attorney stating that he had gone looking for a witness, and defendant again failed to appear the following day, the trial court properly construed defendant's extended absence as a waiver of his right to be present for the remainder of the trial.

4. **Constitutional Law § 31; Criminal Law § 119— failure to instruct on right of defendant to waive presence**

   The trial court did not err in failing to instruct the jury that defendant had a right to waive his right to be present at his trial and that his absence should not be considered with regard to his guilt or innocence absent a request for such instructions.

APPEAL by defendant from *Cohoon, Judge,* 5 October 1970 Criminal Session, NASH County Superior Court; and *May, Judge,* 16 November 1970 Criminal Session, NASH County Superior Court.

Defendant was charged in a proper bill of indictment with breaking and entering and larceny. Evidence for the State tended to show that Ralph Harrison Lane observed defendant coming out of a dwelling owned by Lane. The dwelling had previously been occupied but was now used only for storage. The windows had been boarded up and the doors padlocked. Lane went to the dwelling and observed a car parked nearby with several pieces of power equipment belonging to Lane in the trunk with more items belonging to him in the back seat. After Lane procured a firearm and shot into the ceiling of the building, defendant came out with a screwdriver in his hand. The hasp of the lock on the door to the dwelling had been taken loose, and two other doors had been unlatched from the inside. All doors had been locked earlier that morning and defendant did not have permission to be in the building. The value of the goods taken from the building was between $1,200.00 and $1,500.00. Officers were called to the scene and a search of the automobile, after defendant produced the key to the trunk, revealed the equipment belonging to Lane.

The defendant testified that he was interested in the architecture of the building and had merely stopped by to look at it; when he arrived, the front door was standing open and no one was present; he did not take anything from the house although he did pick up a roll of tape and a rake that he found

State v. Turner

in the yard; he did not have any equipment or anything else belonging to Lane in his car.

Following the completion of his testimony on Monday, 5 October 1970, the court recessed until the next morning. At the opening of court the next morning, Tuesday, 6 October 1970, defendant was not present and counsel for defendant did not know of his whereabouts. After a considerable delay, the wife of defendant gave defendant's lawyer a letter from defendant stating that he had left home to look for a witness that he needed. The wife told the judge that she understood the witness to be the father of the defendant. A capias was issued but defendant was not found. The jury was then informed that there would be some delay in the trial because a witness had to be located. The jury was sent home and returned at 2:30 p.m. but defendant had still not appeared, so the jury was sent home until the following day. Upon the opening of court the following day, Wednesday, 7 October 1970, defendant was still not present and could not be found; and the trial judge entered an order finding that defendant had absented himself from the trial without lawful excuse, had caused the court considerable delay, and could not be found. The trial judge found that defendant absented himself from the court deliberately and for the purpose of not being present during the remainder of the trial and in an apparent effort to trifle with the administration of justice, and that this constituted a waiver of his right and privilege to be present for the remainder of the trial. All proceedings regarding the absence of defendant from the trial were conducted out of the presence of the jury and the jury was not informed as to the reason that defendant was not present.

The court, in the meantime, had sent an officer to Raleigh to locate and bring the father of the defendant to court. This was done, and the father testified on behalf of the defendant.

The jury returned a verdict of guilty as charged and, the defendant still being absent, the trial judge entered an order continuing prayer for judgment until the next session of court or until such session thereafter when defendant had been apprehended. The defendant was taken into custody on 28 October 1970. More than three weeks had elapsed since he left court on 5 October 1970.

At the 16 November 1970 Session of Nash County Superior Court, defendant, in the presence of the court, was sentenced to a term of ten years, both counts having been consolidated for judgment. Defendant appealed.

*Attorney General Robert Morgan by Assistant Attorneys General William W. Melvin and T. Buie Costen for the State.*

*Thorp, Etheridge & Culbreth by William D. Etheridge and W. O. Rosser for defendant appellant.*

CAMPBELL, Judge.

**[1, 2]** Defendant assigns as error the actions of the trial judge in finding that defendant, by his absence from trial, waived his right to be present and in proceeding with the trial in defendant's absence. In a criminal prosecution it is the right of the accused to be present at the trial, *unless he waives that right. State v. Pope,* 257 N.C. 326, 126 S.E. 2d 126 (1962). But where the defendant voluntarily absents himself from the courtroom, and especially when he has fled the court, such conduct may be considered and construed as a waiver, and the presence of the defendant is not considered as essential to a valid trial and conviction. *State v. Cherry,* 154 N.C. 624, 70 S.E. 294 (1911).

**[3]** Here, defendant did not appear in court when court reconvened the next morning but he did send a letter through his wife explaining that he had gone looking for a witness. There was nothing to indicate, as there was in *State v. Cherry, supra,* that defendant had fled. The court, accordingly, gave defendant the benefit of the doubt and waited for over a day for defendant to reappear. It was only after defendant had been given ample opportunity to return to the courtroom that the trial judge entered an order finding that defendant had waived his right to be present for the remainder of the trial. Further, all proceedings concerning the absence of defendant from the trial were conducted out of the presence of the jury thus preventing any possibility of prejudice to the defendant in the eyes of the jury. We are of the opinion that the trial judge properly construed defendant's extended absence from the courtroom as a waiver of his right to be present for the remainder of the trial.

**[4]** Defendant also assigns as error the failure of the trial judge to instruct the jury of defendant's right to waive his

right to be present at the trial and that his absence should not be considered with regard to his guilt or innocence. However, the record does not reveal that counsel for defendant requested the court to charge the jury regarding defendant's absence. " 'Where the court adequately charges the law on every material aspect of the case arising on the evidence and applies the law fairly to the various factual situations presented by the evidence, the charge is sufficient and will not be held error for failure of the court to give instructions on subordinate features of the case, since it is the duty of a party desiring instructions on a subordinate feature . . . to aptly tender a request therefor.' " *Mode v. Mode,* 8 N.C. App. 209, 174 S.E. 2d 30 (1970); 7 Strong, North Carolina Index 2d, Trial, § 33 (1968).

We have reviewed defendant's other assignments of error and find no merit in any of them. In the trial below, we find

No error.

Chief Judge MALLARD and Judge HEDRICK concur.