STATE OF NORTH CAROLINA v. LEROY JOHNSON

No. 7416SC101

(Filed 6 March 1974)

**Escape § 1— felonious escape — sufficiency of instructions**

  For failure of the trial court to instruct the jury that before they could convict the defendant of felonious escape they must first find beyond a reasonable doubt that at the time of his escape defendant was serving a sentence imposed upon conviction of a felony, defendant is entitled to a new trial.

APPEAL by defendant from *McKinnon, Judge,* August 1973 Session of Superior Court held in SCOTLAND County.

This is a criminal action wherein the defendant, Leroy Johnson, was charged in a bill of indictment, proper in form, with the violation of G.S. 148-45(a) in that he escaped from a prison camp while he was serving a sentence for the crimes of possession of marijuana and possession of a sawed-off shotgun which are felonies under the law of this State. The defendant entered a plea of not guilty and the jury returned a verdict of guilty as charged. From a judgment that the defendant be imprisoned for a term of not less than eighteen nor more than twenty-four months, the defendant appealed.

*Attorney General Robert Morgan and Deputy Attorney General Andrew A. Vanore, Jr., for the State.*

*J. Robert Gordon for the defendant appellant.*

HEDRICK, Judge.

Defendant assigns as error the failure of the trial court to instruct the jury that before they could convict the defendant of felonious escape they must first find beyond a reasonable doubt that at the time of his escape defendant was serving a sentence imposed upon conviction of a felony. The specific portion of the instructions upon which defendant bottoms his argument appears in the record as follows:

"Our law makes it unlawful for a person who is in the lawful custody of the State Department of Corrections to escape or to attempt to escape therefrom and for the State to be entitled to a conviction upon the charge against this defendant, it must prove beyond a reasonable doubt that he was in the custody of the State of North Carolina, Department of Corrections, by reason of the judgment of the court, a lawful commitment; and that while he was in that custody, he escaped or attempted to escape from that custody. If one escapes or attempts to escape when he leaves or attempts to leave intentionally, the lawful custody or bounds within which he has been placed by the Department of Corrections, and if one intentionally left a work force or crew under the supervision of the State Highway Commission officer, he had been properly assigned to that crew, and he intentionally left the area or bounds prescribed by the rules or the directions of the person in charge of the—of him,

then that would be escape. The State contends that you should be satisfied beyond a reasonable doubt that the defendant did intentionally escape from the lawful custody of the State Department of Corrections on this occasion."

The shortcoming of the foregoing instruction is that the court did not require the jury to find beyond a reasonable doubt that the defendant was serving a felony sentence. As stated by Mallard, C. J., in *State v. Ledford,* 9 N.C. App. 245, 175 S.E. 2d 605 (1970), "[t]here are two classes of escape from the State prison system. One is a felonious escape and the other is a misdemeanor. G.S. 148-45(a). The defendant [is] entitled to have his case submitted to the jury on the question of whether he was imprisoned while serving a sentence imposed for a felony or for a misdemeanor." For error in failing to instruct the jury as to this essential element of the crime charged, the defendant is entitled to a

New trial.

Judges CAMPBELL and BALEY concur.