STATE OF NORTH CAROLINA v. ROBERT CHARLES MALONE

No. 8421SC391

(Filed 5 March 1985)

1. **Criminal Law § 138— escape—aggravating factor—use of underlying conviction improper**

   When sentencing a defendant for felonious escape, the trial court improperly used as an aggravating factor the conviction for which defendant was in custody when he escaped. Evidence of the underlying plea or conviction was necessary to prove the offense. G.S. 15A-1340.4(a)(1)(o).

2. **Criminal Law § 138— aggravating factor—great monetary loss—collision between pursuing cars—improperly considered**

   The trial court improperly found as an aggravating factor that defendant's offense involved damage causing great monetary loss based on a collision between a Department of Correction van and a Sheriff's car while both were chasing defendant. This factor was intended to apply only when the defendant himself inflicts damage causing great monetary loss or when the loss is directly occasioned by defendant's acts, not when some unforeseen consequence directly occasioned by actors other than the defendant occurs. G.S. 15A-1340.4 (a)(1)(m).

APPEAL by defendant from *Lane, Judge.* Judgment entered 13 December 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 15 January 1985.

Defendant pled guilty to felonious escape and was sentenced to two years imprisonment, one year in excess of the presumptive term. He appeals from the sentence pursuant to G.S. 15A-1444(a1).

*Attorney General Edmisten, by Assistant Attorney General Douglas A. Johnston, for the State.*

*Adam Stein, Appellate Defender, by David W. Dorey, Assistant Appellate Defender, for defendant appellant.*

WHICHARD, Judge.

[1]   The court found as an aggravating factor that defendant had a prior conviction punishable by more than sixty days' confinement. G.S. 15A-1340.4(a)(1)(o). It indicated that the conviction for auto larceny, for which defendant was serving time when he escaped, was the basis of the finding. Defendant contends that use of the conviction for which he was serving time when he escaped to aggravate his sentence for the escape is prohibited by the provision that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation." G.S. 15A-1340.4(a)(1). We are constrained to agree.

Defendant pled guilty to a violation of G.S. 148-45(b)(1) (Cum. Supp. 1983), which provides:

> Any person in the custody of the Department of Correction, in any of the classifications hereinafter set forth, who shall escape . . . from the State prison system, shall . . . be punished as a Class J felon.
>
> > (1) A prisoner serving a sentence imposed upon conviction of a felony.

This Court has stated that to sustain a conviction for escape the State must prove that the defendant was in lawful custody and was serving a sentence imposed upon a plea of guilty, a plea of *nolo contendere*, or a conviction for a felony. *State v. Ledford*, 9 N.C. App. 245, 246-47, 175 S.E. 2d 605, 606 (1970). The elements of felonious escape thus are (1) lawful custody, (2) while serving a sentence imposed upon a plea of guilty, a plea of *nolo contendere*, or a conviction for a felony, and (3) escape from such custody. *See State v. McCloud*, 11 N.C. App. 425, 181 S.E. 2d 204 (1971); N.C.P.I. — Crim. 280.20.

To prove the second of the foregoing elements, the State must offer evidence of the felony conviction or plea for which defendant was in lawful custody when he escaped. The provision that "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation," G.S. 15A-1340.4 (a)(1), proscribes further use of that evidence to prove the statutory aggravating factor that defendant had prior convictions, G.S. 15A-1340.4(a)(1)(o). The legislature, in setting the presumptive sentence for escape, presumably took into account that evidence

State v. Malone

of an underlying plea or conviction would be necessary to prove the offense.

We thus hold that use of the conviction for which defendant was in lawful custody when he escaped as an aggravating factor to enhance his sentence for the escape was improper.

[2] The court also found as an aggravating factor that the offense involved damage causing great monetary loss. G.S. 15A-1340.4(a)(1)(m). The basis for this finding was evidence that a Department of Correction van collided with a Sheriff's Department car while both were chasing defendant, causing damage of approximately one thousand dollars to the van and two thousand dollars to the car.

We do not believe this evidence supports a finding of this statutory factor in aggravation. The factor was intended to apply only when the defendant himself inflicts damage causing great monetary loss, or the loss is directly occasioned by defendant's acts, not when some unforeseen consequence directly occasioned by actors other than the defendant occurs. The court thus erred in finding this factor.

While the court stated subsequent to the sentencing hearing that it would amend its order to eliminate this factor, but would impose the same sentence, the felony judgment findings in the record contain this factor. The case in any event must be remanded for resentencing; upon remand, this factor should not be considered or found.

Remanded for resentencing.

Chief Judge HEDRICK and Judge PARKER concur.