STATE OF NORTH CAROLINA v. DANNY FITZHUGH PARRISH

No. 846SC347

(Filed 2 April 1985)

**1. Criminal Law § 92.2— consolidation of related charges—no error**

There was no error in the joinder for trial of felonious escape and felonious larceny charges where the State's motion was not in writing but was made at trial and where there was a transactional connection in that the larceny of the truck was to facilitate defendant's flight from prison. G.S. 15A-952.

**2. Criminal Law § 112— pretrial instructions—no error**

There was no prejudicial error in the court's pretrial charge to the jury where the court's comments did not depart from those points of law which later arose on the evidence and the explanation of defendant's presumption of innocence, the State's burden of proof, and reasonable doubt was an accurate statement of the law and was later applied to the evidence in the court's closing instructions.

**3. Escape § 6; Criminal Law § 87— nonresponsive answer—within personal knowledge of witness—no prejudice**

In a prosecution for felonious escape and larceny, there was no error in admitting a prison guard's testimony about the responsibilities of his position and the procedures used for determining the presence of inmates, even though some of his testimony was not responsive to the questions posed to him, because the testimony was for the most part based on his own personal knowledge or on matters within his control.

**4. Escape § 6— judgment and commitment not properly admitted—defendant's confession—no error**

In a prosecution for felonious escape, the trial court erred by allowing the State to read to the jury a judgment and commitment without it being properly introduced into evidence; however, there was no prejudice and defendant's motion to dismiss was properly denied because defendant's confession that at the time of his escape he was serving a ten-year sentence for armed robbery was properly introduced. G.S. 148-45.

**5. Criminal Law § 76.8— confession—evidence that statement voluntary sufficient**

The trial court properly denied defendant's motion to suppress his inculpatory statement where the evidence tended to show that defendant was brought to a detective's office, advised of his rights and told that if he talked he could get time or the sentences could run consecutively and that the detective could not tell him or promise what the courts would do; after he confessed defendant was taken to another detective who advised him of his rights and obtained a signed waiver of rights form; defendant confessed in detail; and defendant's testimony at the *voir dire* was consistent with the evidence offered by the State.

**6. Criminal Law § 115.1— larceny of automobile—no evidence of lesser-included offenses—no instruction on lesser-included offense**

In a prosecution for felonious escape and felonious larceny of an automobile, there was no error in the trial court's denial of an instruction on the lesser-included offense of unauthorized use of a motor vehicle where the evidence was positive as to each and every element of the larceny and there was no evidence that would support a finding that defendant was guilty of unauthorized use of an automobile.

**7. Criminal Law § 102.8— argument by defendant on failure to testify not permitted—no error**

The trial court did not err by refusing to permit defendant's attorney to argue to the jury concerning defendant's failure to testify; the court properly instructed the jury that defendant had a right to elect not to testify and that no unfavorable inference could be drawn therefrom.

APPEAL by defendant from *Brown, Frank R., Judge.* Judgment entered 20 April 1983 in Superior Court, HALIFAX County. Heard in the Court of Appeals 9 January 1985.

Defendant was charged in indictments proper in form with felonious escape in violation of G.S. 148-45(b)(1) and with felonious larceny in violation of G.S. 14-72(a). These two charges were consolidated for trial, and the jury convicted defendant of both offenses. Judgment was entered committing defendant to an active prison sentence of three years for felonious escape and three years for felonious larceny. Defendant appealed.

---

---

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Hux, Livermon & Armstrong, by James S. Livermon, Jr., for defendant appellant.*

MARTIN, Judge.

Defendant appeals his convictions of felonious escape and felonious larceny. We have examined the record concerning the felonious escape under G.S. 148-45 and the felonious larceny under G.S. 14-72(a) and find no basis for reversal.

[1]   Defendant first assigns as error the joinder for trial of the felonious escape and felonious larceny. The State's motion for joinder pursuant to G.S. 15A-926 was allowed by the trial court over defendant's objection. Defendant objected to the motion on two grounds: (1) the motion was not in proper form or timely made, and (2) the requisite "transactional connection" did not exist between the offenses joined.

Motions must be in writing and their service must be certified "[u]nless made during a hearing or trial." G.S. 15A-951(a)(1). Here the State's motion was made at trial, upon the calling of the cases; therefore, the motion was not required to be in writing, as defendant contends, and the motion was proper in form. Under the provisions of G.S. 15A-952, when arraignment is held and trial is calendared at the same session of court, certain motions must be filed on the preceding Wednesday. A motion by the State to join related offenses under G.S. 15A-926 is not one of them; therefore, the motion was timely made. *See State v. Wilson,* 57 N.C. App. 444, 291 S.E. 2d 830, *disc. rev. denied,* 306 N.C. 563, 294 S.E. 2d 375 (1982).

G.S. 15A-926 provides in pertinent part that

[t]wo or more offenses may be joined in one pleading or for trial when the offenses . . . are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan. . . .

Thus, there must be a "transactional connection" between offenses joined for trial. *State v. Greene,* 294 N.C. 418, 241 S.E. 2d 662 (1978). When this transactional connection is present, motions

to join offenses under G.S. 15A-926 are addressed to the discretion of the trial court, and absent an abuse of discretion, its ruling will not be disturbed on appeal. *State v. Avery*, 302 N.C. 517, 276 S.E. 2d 699 (1981). However, if joinder would hinder defendant's ability to present his defense or otherwise receive a fair trial, the motion to join offenses should be denied. *Id*. The determination of whether joinder would prejudice defendant evokes the question of "whether the offenses are so separate in time or place and so distinct in circumstances as to render a consolidation unjust and prejudicial to defendant." *Id*. at 525, 276 S.E. 2d at 704, *quoting State v. Johnson*, 280 N.C. 700, 704, 187 S.E. 2d 98, 101 (1972).

We hold that joinder of the offenses in the present case was proper. Defendant escaped from prison in Halifax County on 23 September 1982. He stole a truck nine miles away approximately 36 hours later. The larceny of the truck was to further facilitate his flight from prison and thus render his recapture more difficult. The requisite "transactional connection" existed between the escape and larceny; the State's motion for joinder was, therefore, properly granted.

[2] Defendant next assigns as error the trial court's preliminary comments to the jury before any evidence was introduced. The court emphasized the presumption of defendant's innocence, explained the State's burden of proving each element of the offenses beyond a reasonable doubt, and defined reasonable doubt. Defendant contends that the brevity of the court's instruction in defining reasonable doubt was improper. The court instructed the jury that

> [a] reasonable doubt is not a mere possible doubt for most things that relate to human affairs or open to some possible or imaginary doubt. A reasonable doubt is a fair doubt based on reason and common sense, generated by the sufficiency of the evidence.

Pretrial instructions to the jury are neither condemned nor approved; however, "trial judges should have the utmost freedom of action in conducting trials so long as litigants are not prejudiced, positive rules of procedure are not violated, and no injustice is done." *Hardee v. York*, 262 N.C. 237, 241, 136 S.E. 2d 582, 586 (1964). The court's comments in the case *sub judice* did not depart from those points of law which later arose on the evi-

dence. The explanation of defendant's presumption of innocence, the State's burden of proof, and reasonable doubt was an accurate statement of the law and later applied to the evidence in the court's closing instructions. Defendant has failed to demonstrate prejudicial error from the pretrial charge.

[3] Defendant next contends the court erred in allowing Sergeant Salmon, officer in charge of the Halifax Prison Unit, to testify over objection concerning his responsibilities and the procedure used for determining whether all of the unit's inmates are present. Defendant argues that Salmon's answers were unresponsive to the questions posed to him and related to the actions of others who were out of his presence.

A witness may testify to facts that are within his own personal knowledge. *State v. Hudson*, 295 N.C. 427, 245 S.E. 2d 686 (1978). A witness is also entitled to give a full answer to a question propounded to him, subject to the right of the court in its discretion, to cut off an unnecessarily detailed or repetitious answer. *State v. Cook*, 280 N.C. 642, 187 S.E. 2d 104 (1972).

Applying these basic tenents to the case under review, we find no prejudicial error in Salmon's testimony. In response to the prosecutor's inquiry about the responsibilities of his position, Salmon responded with specific duties of supervision, control, and feeding, and added that he was on second shift at the time of the escape. In response to the prosecutor's inquiry concerning procedures used for determining the presence of inmates, Salmon testified to specific procedures used by Halifax Prison Unit which would entail actual performance by personnel under Salmon's supervision. Although some of Salmon's testimony was not responsive to the questions posed to him, it was for the most part based on his own personal knowledge or on matters within his control. There is nothing in connection with his testimony to indicate an abuse of discretion by the trial court in allowing it.

[4] Defendant next asserts that the trial court erred in allowing the district attorney to read to the jury a purported judgment and commitment from Wake County against the defendant without it being properly introduced into evidence; and that because the proof that defendant was serving a sentence imposed upon conviction of a felony was not properly before the court, his motion for directed verdict should have been allowed. At the end of

the testimony of the State's first witness, the district attorney stated:

> MR. BEARD: I would like this marked as State's exhibit No. Two, your Honor.
>
> MR. LIVERMON: Objection. [Overruled.]
>
> (State's exhibit No. Two marked for identification)
>
> MR. BEARD: May I read this to the jury, your Honor?
>
> MR. LIVERMON: Object, if your Honor please.
>
> THE COURT: Overruled.

At this point the district attorney proceeded to read to the jury a certified judgment and commitment of defendant for the offenses of breaking or entering and larceny, possession of a firearm by a felon and escape; the State did not introduce said judgment into evidence.

When a defendant is charged with felonious escape from the state prison system under G.S. 148-45, the State has the burden of proving that defendant was in the legal custody of the Department of Correction at the time of the escape, serving a sentence imposed upon conviction of a felony. *See State v. Hammond*, 307 N.C. 662, 300 S.E. 2d 361 (1983). Accordingly, the State is entitled to introduce evidence of any and all convictions for which defendant was in custody at the time of escape. *Id.*

The State failed to offer the certified judgment and commitment as evidence that defendant was serving a sentence imposed upon conviction of a felony; rather, the State merely read to the jury the exhibit which had been marked but not offered into evidence. Defendant objected to the improper reading of the exhibit to the jury and indicated no intention to waive his right to require the State to properly prove to the jury that he was in fact serving a sentence imposed upon conviction of a felony. The State's obligation is to prove that fact to the jury, and it was error for the court to allow into evidence that proof without its proper introduction. However, on appeal the burden is on the appellant not only to show error, but to show prejudicial error amounting to the denial of some substantial right, or, in other words, to show that if the error had not occurred, there is a

reasonable probability that the result of the trial might have been materially more favorable to him. *Johnson v. Heath*, 240 N.C. 255, 81 S.E. 2d 657 (1954). This the defendant has failed to do. Subsequently during the trial, evidence of defendant's confession that at the time of his escape he was serving a ten year sentence imposed upon conviction of the felony of armed robbery was properly introduced. This rendered the error in reading the judgment and commitment to the jury without its proper introduction non-prejudicial. *See Davis v. Vaughn*, 243 N.C. 486, 91 S.E. 2d 165 (1956).

In passing upon a motion to dismiss pursuant to G.S. 15A-1227, all of the evidence admitted, whether competent or incompetent, is viewed in the light most favorable to the State, and the State is entitled to every reasonable inference therefrom. *State v. Hutchins*, 303 N.C. 321, 279 S.E. 2d 788 (1981); *State v. McNeil*, 280 N.C. 159, 185 S.E. 2d 156 (1971). Upon application of this standard, and in light of the evidence before the court from defendant's confession of his confinement for the felony of armed robbery, defendant's motion for directed verdict was properly denied.

[5] Defendant next assigns as error the trial court's denial of his motion to suppress all statements made by him to law enforcement officers. After conducting an extensive *voir dire* hearing, the trial court entered findings of fact and conclusions of law and denied defendant's motion. Defendant argues that the investigating officers induced in him a hope or fear which resulted in his making inculpatory statements, and that those statements were, as a result, involuntary and inadmissible.

In cases such as the one at bar in which the requirements of *Miranda* have been met and the defendant has not asserted the right to have counsel present during questioning, our Supreme Court has stated that

no single circumstance may be viewed in isolation as rendering a confession the product of improperly induced hope or fear and, therefore, involuntary. In those cases the court must proceed to determine whether the statement made by the defendant was *in fact* voluntarily and understandingly made, which is the ultimate test of the admissibility of a confession. In determining whether a defendant's statement was

in fact voluntarily and understandingly made, the court must consider the *totality of the circumstances* of the case and may not rely upon any one circumstance standing alone and in isolation.

*State v. Corley*, 310 N.C. 40, 48, 311 S.E. 2d 540, 545 (1984) (original emphasis); *see also State v. Lynch*, 279 N.C. 1, 181 S.E. 2d 561 (1971).

Turning to an examination of the totality of the circumstances surrounding defendant's statements, the evidence for the State during the *voir dire* hearing tended to show the following: Defendant was brought into the Halifax County Sheriff's Department to Detective Warren's office. Detective Warren advised defendant of his constitutional rights, and stated that he "wanted to talk to him about a larceny of a truck that was taken from my County." Defendant replied, "Well, if I told you, what would happen to me?" Detective Warren answered, "Several things could happen to you. You can get time for it. The courts could do many things with you. You would get time for it or the sentences could run concurrently. I can't tell you and I can't promise you what the courts will do." Defendant then stated that he stole the truck.

Later, defendant was taken into the office of Detective Sledge, who advised defendant of his constitutional rights. Detective Sledge asked the defendant whether he understood those rights and handed him a waiver of rights form. The defendant indicated that he understood them and signed the form. Defendant's statement indicated that at the time of his escape he was serving ten years for armed robbery, breaking and entering and larceny. A day following his escape from the Halifax Prison Unit he came upon a house with a truck parked in the yard. The keys were in the truck. Defendant got in the truck and drove to Smithfield. Several days later he drove to Goldsboro. While there he sold a toolbox that was on the truck for fifty dollars. He then drove back to Smithfield, and about a week and a half later he abandoned the truck. Defendant requested Detective Sledge to advise the district attorney of his cooperation and of his desire for a concurrent sentence on the larceny charge. Detective Sledge said he would make this known to the district attorney's office.

The defendant took the stand and testified on his own behalf during the *voir dire* hearing. For the most part his testimony was

consistent with the evidence offered by the State during the *voir dire* hearing. The defendant testified that Detective Warren said he would talk to the district attorney and ask him about a concurrent sentence for larceny of the truck with the time he was already serving. The defendant also testified that he gave a statement to Detective Sledge "because he said he would talk to the D.A. for me and get it to run concurrent with the time I was already doing and this is the only reason I agreed to give a statement."

The trial court made findings of fact essentially in accord with the evidence offered by the State during the *voir dire* hearing. Based upon these findings of fact, the trial court concluded that the inculpatory statement by the defendant to Detective Sledge was made freely, voluntarily and understandingly, and was, therefore, admissible.

In a *voir dire* hearing on the admissibility of a defendant's confession, the findings by the trial court are conclusive and binding on appeal if supported by competent evidence in the record. *State v. Johnson*, 304 N.C. 680, 285 S.E. 2d 792 (1982). This is true even though the evidence is conflicting. *State v. Jackson*, 308 N.C. 549, 304 S.E. 2d 134 (1983).

The findings of the trial court at the conclusion of the *voir dire* in the case *sub judice* were supported by competent evidence, even to great extent by defendant's own testimony. Those findings are binding upon this court. The totality of circumstances compelled the trial court's determination that defendant's statement was made freely, voluntarily, and understandingly. We hold that the trial court properly denied the defendant's motion to suppress his inculpatory statement.

**[6]** Defendant next assigns as error the trial court's denial of his motion for an instruction on the lesser-included offense of unauthorized use of a motor vehicle. The trial court is not required to submit to the jury the question of a defendant's guilt of a lesser degree of the crime charged in the indictment when the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence relating to any element of the crime charged. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972). The necessity for instructing the jury as to a crime of lesser degree than charged arises when and only when

there is evidence from which the jury could find that such included crime of lesser degree was committed. *State v. Lampkins*, 286 N.C. 497, 212 S.E. 2d 106 (1975), *cert. denied*, 428 U.S. 909, 49 L.Ed. 2d 1216, 96 S.Ct. 3220 (1976).

In this case, defendant was charged with the felonious larceny of an automobile; the evidence presented by the State was positive as to each and every element of felonious larceny, and there was no conflicting evidence relating to any element. Defendant admitted taking without the owner's consent a 1977 Ford truck valued at $4,500.00 and selling $650.00 worth of tools and a toolbox that were on the truck. Defendant kept the truck for over a week and a half until the police "got after" him, at which time he abandoned the vehicle. There was no evidence that would warrant or support a finding that defendant was guilty of the lesser-included offense of unauthorized use of an automobile.

[7] Defendant finally contends that the trial court erred in refusing to permit defendant's attorney to argue to the jury concerning defendant's failure to testify. This assignment of error is without merit as "[t]he rule in North Carolina is that neither the counsel for the State nor counsel for the defendant is allowed to comment on the failure of the defendant to testify." *State v. Boone*, 39 N.C. App. 218, 222-23, 249 S.E. 2d 817, 821 (1978). In his charge to the jury, the trial court properly instructed the jury that defendant had a right to elect not to testify, and that no unfavorable inference could be drawn therefrom.

Defendant received a fair trial free from prejudicial error.

No error.

Judges BECTON and JOHNSON concur.