STATE OF NORTH CAROLINA v. TONY DOUGLAS MILLER

No. COA00-1003

(Filed 16 October 2001)

**1. Constitutional Law— right to be present at all stages— exclusion from courtroom during jury selection**

The trial court did not violate defendant's constitutional right to be present at all stages of his trial in a second-degree kidnapping, common law robbery, and felonious escape from jail case by excluding defendant from the courtroom during jury selection, because: (1) defendant voluntarily waived his right to

STATE v. MILLER

[146 N.C. App. 494 (2001)]

be present during jury selection by his own disruptive behavior, including refusing to sit down and refusing to participate when he was given the opportunity to be present during opening statements; (2) although the trial court failed to comply with N.C.G.S. § 15A-1032(b)(2) requiring it to instruct the jurors that defendant's removal is not to be considered in weighing evidence or determining the issue of guilt, defendant has not shown any reasonable probability that a different result would have been reached had the instruction been given; (3) defendant was afforded the opportunity to talk with his attorney and keep informed of what took place during his absence; (4) defendant was present during the admission of all the evidence and confronted all of the witnesses; and (5) neither defendant nor his attorney ever objected to the trial court's removing defendant prior to jury selection and before the presentation of opening statements, and defendant failed to argue plain error. N.C. Const. art. I, § 23; N.C.G.S. § 15A-1032(a).

**2. Appeal and Error— preservation of issues—failure to object—failure to assert plain error**

The trial court did not err in a second-degree kidnapping, common law robbery, and felonious escape from jail case by failing to inform the jury that defendant's absence from the courtroom was not to be considered in weighing the evidence or deciding his guilt, because: (1) defendant never objected to the omission of any such instructions; and (2) defendant failed to preserve the issue for plain error review as required by N.C. R. App. P. 10(c)(4).

**3. Escape— felonious escape from jail—motion to dismiss— sufficiency of evidence**

The trial court erred by denying defendant's motion to dismiss the charge of felonious escape from jail, because: (1) the State failed to present any evidence that defendant was serving a sentence upon conviction of a felony on the date of defendant's escape; and (2) the record does not contain any clear statement of a stipulation by defendant that he was serving a sentence for a felony at the time of the escape, but merely that he was serving an active sentence which supports a finding of the lesser included offense of misdemeanor escape under N.C.G.S. § 148-45(a).

## 4. Kidnapping— second-degree—motion to dismiss—sufficiency of evidence

The trial court erred by denying defendant's motion to dismiss the charge of second-degree kidnapping under N.C.G.S. § 14-39 based on defendant's unlawfully confining and restraining a jailer for the purpose of facilitation of the commission of felony escape from jail, because the State failed to present substantial evidence that defendant was serving a sentence for a felony, which means defendant could not be guilty of committing felonious escape.

Appeal by defendant from judgment entered 1 March 2000 by Judge Russell G. Walker, Jr. in Montgomery County Superior Court. Heard in the Court of Appeals 15 August 2001.

*Attorney General Roy Cooper, by Assistant Attorney General Sandra Wallace-Smith, for the State.*

*Russell J. Hollers III, for defendant-appellant.*

TYSON, Judge.

Tony Douglas Miller ("defendant") appeals the entry of judgment upon a jury verdict finding him guilty of two counts of common law robbery, one count of second-degree kidnapping, and one count of felonious escape from jail. We hold there was no error as to the entry of judgment on two counts of common law robbery. We vacate as to the entry of judgment on felonious escape and second-degree kidnapping, and remand for sentencing on misdemeanor escape and false imprisonment.

### I. Facts

Evidence presented at trial tended to establish that on 15 September 1998, defendant was an inmate of the Montgomery County Jail. Jailers Carolyn Britt ("Britt") and Donna Williamson ("Williamson") were making their rounds for purposes of "locking down" the jail at approximately 11:00 p.m. Williamson went to cell number three to collect some used bottles. She unlocked the cell and reached in to collect the bottles. Williamson testified that as she did so, an inmate of cell number three grabbed her by the arm and restrained her.

Britt testified that she heard Williamson scream, and saw defendant walk out of cell number three and come towards her. Britt also

testified that she attempted to close the main door, but that defendant "stepped between [her] and the double door." She further testified defendant "was right on me, and so he took my left wrist and put it up behind my back. He . . . told me if I would do as he said he would not hurt me." Defendant then instructed Britt to open some of the cell gates, which she did. Defendant asked Britt for the keys to the "booking room". She responded that she did not have those keys and did not know where the keys were. Defendant then took Britt to the booking room and again asked for the keys. Britt again responded that she did not have the keys.

Britt testified that defendant then "took [her] all the way back inside the west walk area" where Williamson was sitting on the floor. Defendant asked Williamson for the keys to the booking room. Williamson responded that the other inmates had taken the keys. Defendant took Britt back in the direction of the "visiting room" and instructed her not to move. Defendant left Britt momentarily and returned with some keys. Britt testified that defendant took her back to the booking room and told her to unlock the door with the keys. Britt told defendant that those were not the keys to the booking room. Defendant transported Britt back to the visiting room where he took her police radio. When defendant left again, Britt locked herself in the Chief Jailer's office and called for help. When help arrived at approximately 11:45 p.m., defendant and three other inmates were gone.

Defendant was tried at the 28 February 2000 criminal session of the Montgomery County Superior Court on indictments of kidnapping, common law robbery, felonious escape, and larceny. Defendant moved to dismiss all charges at the close of the State's evidence and again at the close of all evidence. The trial court granted defendant's motion on the charge of larceny, at the close of all evidence. The jury returned guilty verdicts on one count of second-degree kidnapping, two counts of common law robbery, and one count of felonious escape from jail. The trial court sentenced defendant to an active term of imprisonment of a minimum of 77 months and a maximum of 103 months. Defendant appeals.

## II. Issues

The issues on appeal are: (1) whether the trial court violated defendant's constitutional right to be present at all stages of his trial; (2) whether the trial court erred in denying defendant's motions to dismiss the charges of felonious escape and second-degree kidnap-

ping; and; (3) whether the trial court's jury instruction on felonious escape amounted to plain error.

### A. Defendant's absence from jury selection

### 1. Failure to object to absence and waiver

**[1]** Defendant argues that he is entitled to a new trial based on the trial court's violation of his constitutional right to be present for all stages of the trial. Specifically, defendant contends that the trial court erred in excluding him from the courtroom during jury selection. Defendant was present in the courtroom when the case was called to trial and while the trial judge explained the process of jury selection. With the jury venire present, defendant stood up and engaged the trial judge in the following exchange:

MR. MILLER: Honorable Judge?

THE COURT: Have a seat please, Mr. Miller.

MR. MILLER: I was told you told me not to come in here with my colors on, sir.

THE COURT: I let you come in here with the hat. Sit down.

MR. MILLER: But sir—

THE COURT: Sit down.

MR. MILLER: I have a problem with that.

THE COURT: Sheriff, take him out of here please . . . . He's waived his right to be present.

Following jury selection, and outside the presence of the jurors, the trial court made the following statement for the record:

[P]lease let the record reflect that before we began court this afternoon that [defense counsel] requested of the Court on behalf of [defendant's] mother and grandmother that they be allowed to speak with him in private in an effort to see if they could have some effect on his willingness to sit in the courtroom and be quiet, and that we did afford them that opportunity . . . . I am going to now bring him back in the absence of the jury and see if he is willing to sit and participate in this trial in a civilized and respectful fashion.

With the jury absent, defendant returned to the courtroom, and the trial court stated that defendant would have "the chance to say what-

ever it is [he] wants to say with the jury out of the room." Defendant then requested that his attorney be dismissed. After an exchange regarding defendant's legal representation, the trial court asked defendant the following:

> THE COURT: . . . Do you wish to sit here and participate in your trial in defense?
>
> MR. MILLER: Participate?
>
> THE COURT: Sit there and be quiet?
>
> MR. MILLER: I will not disrespect my family.
>
> THE COURT: So you're choosing not to be here for your trial, is that correct?
>
> MR. MILLER: I will not disrespect my mother and grandmother for injustice.
>
> THE COURT: Let the record reflect that Mr. Miller chooses not to be present for his trial, and we will proceed in his absence.

Defendant was escorted from the courtroom and the jury was impaneled. The trial court made the following statement to the jury:

> Now, ladies and gentlemen, first of all let me explain to you that the circumstances of this case are obviously a little different than you might have anticipated anywhere outside of a television portrayal of a trial. While you were out Mr. Miller came back in the courtroom, and we had a discussion as to whether he wished to be in the courtroom for the rest of his trial, and if so, whether he would commit to me that he would sit and participate in his defense in a respectful and quiet manner. He has chosen not to be present for the rest of his trial, and we're going to go ahead and let the State present their evidence to you and then let the defense present evidence, if they choose to do so.

The trial proceeded with opening statements. Prior to the examination of witnesses, defendant expressed that he wished to return to the courtroom and would sit quietly, which was reported to the trial court in open court. The trial court then allowed defendant to re-join the trial. Defendant remained in the courtroom throughout the balance of the trial.

The Confrontation Clause in Article I, Section 23 of the North Carolina Constitution " 'guarantees an accused the right to be present

in person at every stage of his trial.' " *State v. Daniels*, 337 N.C. 243, 256, 446 S.E.2d 298, 307 (1994), *cert. denied, Daniels v. North Carolina*, 513 U.S. 1135, 130 L. Ed. 2d 895 (1995) (quoting *State v. Payne*, 320 N.C. 138, 139, 357 S.E.2d 612, 612 (1987)). "However, in felonies less than capital, it is well established that a defendant may personally waive his right to be present." *State v. Stockton*, 13 N.C. App. 287, 291, 185 S.E.2d 459, 462-63 (1971) (citing *State v. Ferebee*, 266 N.C. 606, 146 S.E.2d 666 (1966)); *see also Parker v. United States*, 184 F.2d 488, 490 (4th Cir. 1950) (citing *Diaz v. United States*, 223 U.S. 442, 56 L. Ed. 500 (1912)). Such a right is "a purely personal right" that can be waived "expressly or by [the] failure to assert it." *State v. Braswell*, 312 N.C. 553, 559, 324 S.E.2d 241, 246 (1985).

"A trial judge, after warning a defendant whose conduct is disrupting his trial, may order the defendant removed from the trial if he continues conduct which is so disruptive that the trial cannot proceed in an orderly manner." N.C. Gen. Stat. Sec. 15A-1032(a) (1999). Defendant voluntarily waived his right to be present during jury selection by his own disruptive behavior. Defendant continued to disrupt the trial by refusing to sit down. Defendant was given the opportunity to be present during opening statements and again refused to participate. *See State v. Callahan*, 93 N.C. App. 579, 378 S.E.2d 812 (1989) (no error when defendant was removed after becoming disruptive upon denial of his motion and again when the jury venire returned for jury selection); *State v. Smith*, 139 N.C. App. 209, 533 S.E.2d 518 (2000) (no error when defendant was removed after making two outbursts during the presentation of evidence regarding the charge of habitual felon); *State v. Thomas*, 134 N.C. App. 560, 518 S.E.2d 222 (1999) (no error when defendant was removed from the courtroom after disrupting the trial court while attempting to rule and enter an observation on the record).

The State acknowledges that the trial court failed to comply with the requirements of N.C. Gen. Stat. Sec. 15A-1032(b)(2) which provides: "if the judge orders a defendant removed from the courtroom he must . . . (2) [i]nstruct the jurors that the removal is not to be considered in weighing evidence or determining the issue of guilt." This Court has held that such an omission is error. *Smith*, 139 N.C. App. at 217, 533 S.E.2d at 522. This Court went on to say that not every error warrants a new trial. *Id.* (citing *State v. Ginyard*, 334 N.C. 155, 431 S.E.2d 11 (1993)). "An error is considered harmful when there is a reasonable probability that without the error a different result would have occurred. *Id.* (citing N.C. Gen. Stat. Sec. 15A-1443(a)).

STATE v. MILLER

[146 N.C. App. 494 (2001)]

Defendant has not shown any reasonable probability that a different result would have been reached had the instruction been given. Defendant was afforded the opportunity to talk with his attorney and keep informed of what took place during his absence. Defendant was present during the admission of all the evidence and confronted all of the witnesses.

Defendant concedes that neither defendant nor his attorney ever objected to the trial court's removing defendant prior to jury selection or following jury selection and before the presentation of opening statements. When defendant was excused prior to jury selection, his attorney continued on with the selection without making any objection to defendant's absence or the trial court's finding that defendant waived his right to be present. The failure to object at trial to the alleged denial of such a right constitutes waiver of the right to argue the denial on appeal. *See State v. Watson*, 338 N.C. 168, 191, 449 S.E.2d 694, 708 (1994), *cert. denied, Watson v. North Carolina*, 514 U.S. 1071, 131 L. Ed. 2d 569 (1995) ("In the instant case defendant, having failed to object at trial [based on his constitutional right to be present at all stages of the trial], waived his right and cannot assign as error the trial court's denial of the right."); *State v. Almond*, 112 N.C. App. 137, 149, 435 S.E.2d 91, 98 (1993) (defendant abandoned argument that his right to be present at all stages of trial was violated where record reveals that defendant raised objection for the first time on appeal).

When a party fails to timely object at trial, he has the burden of establishing his right to appellate review by showing that the exception was preserved by rule or law or that the error alleged constitutes plain error. *State v. Gardner*, 315 N.C. 444, 447, 340 S.E.2d 701, 705 (1986); *State v. Reaves*, 142 N.C. App. 629, 630, 544 S.E.2d 253, 255 (2001). A defendant must "specifically and distinctly" contend on appeal that the omission amounted to plain error. N.C. R. App. P. 10(c)(4).

Defendant here has failed to argue that the trial court's finding that defendant waived his right to be present during jury selection amounted to plain error, or is otherwise preserved for our review. In short, defendant "did not object at trial or allege plain error," *State v. Scott*, 343 N.C. 313, 332, 471 S.E.2d 605, 616 (1996), and thus "has failed to properly preserve this issue for appeal." *Id.; see also, e.g., State v. Call*, 353 N.C. 400, 545 S.E.2d 190 (2001) (assignment of error overruled where defendant "failed to assert plain error on appeal."); *State v. Gary*, 348 N.C. 510, 518, 501 S.E.2d 57, 63 (1998) (defendant

waives plain error review where defendant does not assert plain error); *State v. McGraw*, 137 N.C. App. 726, 728, 529 S.E.2d 493, 496, ("In failing to assert plain error, defendant has waived review by this Court."), *disc. review denied*, 352 N.C. 360, 544 S.E.2d 554 (2000).

The right to be present at all critical stages of a trial is subject to a harmless error analysis. *Braswell*, 312 N.C. at 560, 324 S.E.2d at 247 (citation omitted); *State v. Buckner*, 342 N.C. 198, 227-28, 464 S.E.2d 414, 431 (1995), *cert. denied, Buckner v. North Carolina*, 519 U.S. 828, 136 L. Ed. 2d 47 (1996)). " '[T]he burden is on the defendant to show the usefulness of his presence in order to prove a violation of his right to presence.' " *State v. Neal*, 346 N.C. 608, 616, 487 S.E.2d 734, 739 (1997), *cert. denied, Neal v. North Carolina*, 522 U.S. 1125, 140 L. Ed. 2d 131 (1998) (quoting *State v. Buchanan*, 330 N.C. 202, 224, 410 S.E.2d 832, 845 (1991)). Defendant here has failed to show "the usefulness of his presence" during jury selection; especially in light of his subsequent statements evincing an intent not to sit quietly in the courtroom and allow the trial to proceed, and being present during the testimony of witnesses, presentation of all the evidence, return of the verdict, and entry of judgment.

## 2. Failure to object to jury instructions

**[2]** Defendant further argues that the trial court erred in failing to inform the jury that defendant's absence from the courtroom "was not to be considered in weighing the evidence or deciding his guilt" and that the trial court did not include any such instruction in the jury charge. However, defendant never objected to the omission of any such instruction.

"According to our rules of appellate procedure, a defendant waives his right to assign error to the omission of a jury instruction where he does not object to such omission before the jury retires to deliberate." *State v. Farmer*, 138 N.C. App. 127, 132, 530 S.E.2d 584, 588, *disc. review denied*, 352 N.C. 358, 544 S.E.2d 550 (2000) (citing N.C. R. App. P. 10(b)(2)) (despite request for particular instruction, argument not preserved where defendant did not object at trial to omission of instruction). Again, defendant failed to preserve the issue for plain error review by "specifically and distinctly" contending that the omission amounted to plain error as required by N.C. R. App. P. 10(c)(4). Defendant has abandoned this argument. *See State v. Turner*, 11 N.C. App. 670, 673-74, 182 S.E.2d 244, 246 (1971) (where defense counsel failed to request that trial court instruct jury on defendant's waiver of right to be present and that his absence should

not be considered with regard to guilt or innocence, trial court's failure to so instruct not error). These assignments of error are overruled.

## B. Motions to dismiss

### 1. Felonious escape

**[3]** Defendant first argues that the trial court should have granted his motion to dismiss the charge of felonious escape. Defendant contends that the State failed to present any evidence that defendant was serving a sentence upon conviction of a felony on 15 September 1995, the date of defendant's escape. We agree.

"The elements of felonious escape thus are (1) lawful custody, (2) while serving a sentence imposed upon a plea of guilty, a plea of nolo contendere, or a conviction for a felony, and (3) escape from such custody." *State v. Malone,* 73 N.C. App. 323, 324, 326 S.E.2d 302, 302-03 (1985) (citation omitted). "To prove the second of the foregoing elements, the State must offer evidence of the felony conviction or plea for which defendant was in lawful custody when he escaped." *Id.* at 324, 326 S.E.2d at 303. Evidence such as a properly certified copy of the commitment is competent to show the lawfulness of the custody and the type of offense for which the defendant was committed. *State v. Ledford,* 9 N.C. App. 245, 247, 175 S.E.2d 605, 606 (1970).

"Before a defendant can be convicted of this offense, the state must prove beyond a reasonable doubt that at the time of his escape defendant was serving a sentence of incarceration imposed for the conviction of a felony." *State v. Hammond,* 307 N.C. 662, 665, 300 S.E.2d 361, 363 (1983) (citation omitted); *State v. Parrish,* 73 N.C. App. 662, 667, 327 S.E.2d 613, 617 (1985) (citing *Hammond,* 307 N.C. 662, 300 S.E.2d 361) ("When a defendant is charged with felonious escape from the state prison system under G.S. § 148-45, the State has the burden of proving that defendant was . . . serving a sentence imposed upon conviction of a felony.").

In the present case, the State failed to present any evidence to the jury that defendant was serving a sentence for the commission of a felony on the date of his escape. The State argues that this fact was stipulated to by defendant. However, the record does not contain any clear statement of a stipulation by defendant that he was serving a sentence for a felony at the time of the escape. Defense counsel clearly stated that "defendant will stipulate that on the date in ques-

tion he was serving an active sentence . . . [i]n the Department of Corrections." Defendant never stipulated that he was serving an active sentence upon conviction of a felony, and the State neither introduced testimony nor exhibits, such as a certified copy of defendant's commitment, to prove that defendant was serving a sentence upon conviction of a felony.

Viewed in the light most favorable to the State, the evidence fails to establish the necessary element of felonious escape that defendant was serving a sentence for the commission of a felony. The evidence does prove that defendant was serving an active sentence, which supports a finding that defendant is guilty of the lesser included offense of misdemeanor escape under N.C. Gen. Stat. 148-45(a).

### 2. Second-degree kidnapping

[4] Defendant further assigns error to the trial court's denial of his motions to dismiss the charge of second-degree kidnapping, arguing that the evidence was insufficient to support each element of the crime. In order to establish the commission of second-degree kidnapping, "the State bears the burden of proving that the defendant 'unlawfully confined, restrained, or removed the [victim] for one of the eight purposes set out in the statute.' " *State v. Guice*, 141 N.C. App. 177, 181, 541 S.E.2d 474, 477-78 (2000), *stay allowed*, 353 N.C. 388, 546 S.E.2d 610 (2001) (quoting *State v. Moore*, 315 N.C. 738, 743, 340 S.E.2d 401, 404 (1986)). " 'The indictment in a kidnaping case must allege the purpose or purposes upon which the State intends to rely, and the State is restricted at trial to proving the purposes alleged in the indictment.' " *Id.* at 181, 451 S.E.2d at 478 (quoting *Moore*, 315 N.C. at 743, 340 S.E.2d at 404).

In the present case, defendant's indictment for second-degree kidnapping alleged that defendant unlawfully confined and restrained Britt "for the purpose of facilitation of the commission of a felony . . . felony escape from jail." *See* N.C. Gen. Stat. § 14-39 (unlawful confinement or restraint amounts to second-degree kidnapping where done for the purpose of "[f]acilitating the commission of any felony or facilitating flight of any person following the commission of a felony.").

The State was required to present substantial evidence that defendant kidnapped Britt for the purpose of committing the crime of felonious escape. We have already held that the State failed to present

STATE v. MILLER

[146 N.C. App. 494 (2001)]

substantial evidence that defendant was serving a sentence for a felony, and thus could not be guilty of committing felonious escape. However, the jury's verdict of guilty of second-degree kidnapping contains all the elements of the lesser included offense of false imprisonment: (1) intentionally and unlawfully, (2) restrains or detains a person, (3) without the person's consent. *State v. Surrett*, 109 N.C. App. 344, 350, 427 S.E.2d 124, 127 (1993).

## C. Jury instruction on felonious escape

We need not address defendant's remaining argument that the trial court erred in instructing the jury on felonious escape in light of our holding that the State failed to present evidence to the jury that defendant was serving a sentence for the commission of a felony on the date of his escape.

We, however, note that the trial court's instruction, which required a guilty verdict upon the findings that defendant (a) was lawfully confined in the Montgomery County Jail, and (b) escaped, erroneously failed to distinguish between felonious escape and misdemeanor escape and to clearly require the finding that defendant was serving a sentence for the commission of a felony. *See Ledford* at 247-48, 175 S.E.2d at 607.

We hold that the evidence was insufficient to support the verdicts of felonious escape (98CRS004137) and second-degree kidnapping (98CRS004138) and vacate defendant's convictions as to these charges. We hold there was no error in the remainder of the verdict and judgment as to the two counts of common law robbery (98CRS004135 and 98CRS004136). We remand to the trial court for imposition of judgment on the lesser included offenses of misdemeanor escape and false imprisonment and for resentencing.

No error in part, vacated and remanded in part.

Judges WYNN and HUNTER concur.