Ruffiit, J.
Whether an instrument or weapon be a deadly one, is, at least generally speaking, for the decision of the Court; because it is a matter of reason, that it is, or is not, likely to do great bodily harm, which determines its character in this respect; State v. Craton, 6 Ired. Rep. 164. Hence,,it is clear that a gun, sword, large knife, or bar .of iro«j and any other heavy instrument, by a blow from, which a grievous hurt would probably be inflicted, are deemed in law, deadly instruments. An instrument,, too, may be deadly or not, according to the mode of using it, or the subject on which it is used'. For example, in a fight .between men, the .fist, or .foot ■would.not, generally, be regarded.as endangering life orlinxb, But it is manifest, that a wilful blow with,the fist: of a strong •man, on the head.of an infant, or the stamping on its chest, producing death, would import,malice from the-natnvp of, the injury, likely ■,to ensue., So,the actual effects .produced by the instrument, may aid. in, determining;its character, in this •respect, and in showing that the person using, it, ought, to be aware of the danger of thus using it. Here, as it seeins.fo the Court, it must, be, apparent that the instrnm.eiit,-,as, used, was likely to produce death, or,,at the least, great bodily.harm. .It was an oaken, staff, nearly, three feet long, ,of the cjiameter ■of an inch and* a half. at.„one epd,,and two .inches at ,the. other. With it, three .blows were inflicted, while the, prisoner was standing Over the deceased, and the latter was either sitting on a log with his head Ranging dowp, too drunk,to perceive his danger, or make an effort ¡to escape .it, or w.as;down> on the ground from the effects of the earlier blows, and each of them fractured the bones ,of the bead; one, the .skull.on the,side from the temple to,the back of.the head,;, another, the. thick; bones of the forehead ; and the third crushed the bones of the nose. An instrument,producipg suclreffects, not ¡accidentally on one occasion, but at each.,blow with it, is, npgnestionably a highly dangerous weapcn, especially when used upon one in the posture and helpless condition of the deceased, and au-thorises the inference, that the prisoner must have-understood the peril in which he was putting the deceased, and gave the *510 blows regardless of the consequences, just as much as if he had struck with a bar of iron. As the case appears, the of-fence is certainly murder, wantonly and cruelly perpetrated. There is no error.
Pee Curiam, Judgment affirmed.