STATE OF NORTH CAROLINA v. LARRY ALFRED GREENE

No. 8325SC1006

(Filed 17 April 1984)

1. **Assault and Battery § 14.3; Robbery § 4.3— sufficiency of evidence that dangerous weapon used**

   In a prosecution for armed robbery and assault with a deadly weapon inflicting serious injury, although the State presented no evidence regarding what kind of weapon was used, the jury could infer from the appearance of the wound on the back of the victim's scalp that a dangerous or deadly weapon was used. The victim was hit in the back of the head with an object of sufficient size so as to stun the victim, knock him to the floor, and cause a hematoma and a one to one-half inch laceration requiring four to five stitches in the back of the victim's head, and the treating physician testified that he would not have considered the wound minor if it had been inflicted to his head and that the blow would have been considered life-threatening had it been delivered a little harder.

2. **Assault and Battery § 14.3— sufficiency of evidence of "serious injury"**

   In a prosecution for assault with a deadly weapon inflicting serious injury, the evidence was sufficient for the jury to find beyond a reasonable doubt that the victim incurred a "serious injury," where the testimony of a physician indicated that due to the location of the injury, it would have been life-threatening had the victim been hit a little harder, and that he would not have considered the blow minor had it been committed on him. Further, the victim's head was cut and stitches were required as treatment.

APPEAL by defendant from *Sitton, Judge.* Judgments entered 25 April 1983 in Superior Court of CATAWBA County. Heard in the Court of Appeals 15 March 1984.

The State's evidence tends to show that on 3 January 1983 Kenneth Hagee was employed at Quality Market Number 5 in

Hickory. At approximately 5:15 a.m. the defendant entered the store, as he had done almost every morning over the past two months, placed a quarter on the counter, and went around the counter and poured himself a cup of coffee. Hagee deposited the coin in the cash register and was writing down some figures when he felt a hard hit on the back of his head. Hagee was stunned and did not remember falling to the floor. Nevertheless, he heard someone open the cash register drawer and felt someone reach into his pocket and pull out his wallet. He noticed someone open and close the cash register drawer. He later was able to call the police.

Gerald Lynn Harris stopped at the Quality Market at 5:25 that morning and saw a black male run across the road directly in front of her car and into the bushes. The man was 5 feet 8 inches tall, weighed 135 to 140 pounds, and wore a light blue windbreaker, dark blue pants, and white tennis shoes. Ms. Harris entered the store, observed blood around the counter area, and noticed that Hagee had a laceration and a raised area on the back of his head. She placed wet paper towels on top of Hagee's head to stop the bleeding.

Greg Sellars arrived at Quality Market at 5:30 a.m. and observed a black male exit the front door of the store and cross the street. The man was in his mid-twenties, weighed 140 to 150 pounds, and wore a bluish grey coat, blue pants, and white shoes. Suspecting something was wrong, he had a ham radio operator call the police, and returned to the store. He observed Ms. Harris holding wet towels to a laceration on Hagee's head. Mr. Sellars was a paramedic and attended the wound which he described as a raised area on the back of Hagee's head with a one inch laceration which was not bleeding severely.

When the police arrived, Hagee told them he knew the man who robbed him but could not remember his name. He further identified defendant as working for Your City Taxi.

Hagee was taken by ambulance to the hospital. The treating physician testified that he might have given Hagee something for pain; that Hagee suffered a "hematoma" on the back of his scalp and a one to one and one-half inch laceration which had been inflicted by a hard blunt instrument. The physician treated the laceration with four or five stitches. He testified that he would

not have considered the wound minor if it had been inflicted upon him, and due to its location, it would have been a life-threatening wound if Hagee had been hit a little harder.

Defendant told the police that three parties were involved. One operated the car and another person named Nelson went into the store. According to the defendant, Nelson struck Hagee over the head and defendant took the money from the cash register and Hagee's wallet.

Hagee identified the defendant at a police lineup the following morning. He also identified defendant at the trial as the person who assaulted and robbed him.

Defendant was convicted of armed robbery in violation of G.S. 14-87, larceny from the person in violation of G.S. 14-72(b)(1), and assault with a deadly weapon inflicting serious injury in violation of G.S. 14-32(b). Defendant received an active sentence. He appeals.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Archie W. Anders for the State.*

*Assistant Appellate Defender Marc D. Towler for defendant appellant.*

HILL, Judge.

[1] For his first assignments of error defendant contends the trial judge erred in denying his motion to dismiss the charges of armed robbery and assault with a deadly weapon inflicting serious injury, contending the State had failed to prove beyond a reasonable doubt that a dangerous weapon was used to endanger or threaten the life of the victim.

The essentials of the offense of armed robbery set forth in G.S. 14-87 are (1) the unlawful taking or attempting to take personal property from another; (2) the possession, use, or threatened use of firearms, or other dangerous weapon, implement or means; and (3) danger or threat to the life of the victim. *State v. Gibbons,* 303 N.C. 484, 489, 279 S.E. 2d 574, 578 (1981), *quoting, State v. Joyner,* 295 N.C. 55, 63, 243 S.E. 2d 367, 373 (1978). Defendant contends the State has failed to present sufficient evidence of the last two elements, which constitute the difference between armed

robbery and common law robbery. Defendant incorporates the same argument of no evidence of a dangerous weapon in assigning as error the denial of his motion to dismiss the charge of assault with a deadly weapon inflicting serious injury.

The critical and essential difference between the offense of armed robbery and common law robbery is whether the victim's life was endangered or threatened by the use or threatened use of a firearm or other dangerous weapon. *State v. Joyner, supra* at 63, 243 S.E. 2d at 373; *State v. Chambers,* 53 N.C. App. 358, 362, 280 S.E. 2d 636, 639 (1981). Actual possession and use or threatened use of firearms or other dangerous weapons are necessary to constitute the offense of robbery with firearms or other dangerous weapons. *State v. Faulkner,* 5 N.C. App. 113, 168 S.E. 2d 9 (1969). Admittedly, the State presented no evidence regarding any kind of weapon, either from the victim or the defendant. But we conclude this case falls within the guidelines set forth in *State v. Rowland,* 263 N.C. 353, 139 S.E. 2d 661 (1965). In that case the court cited with approval *People v. Liner,* 168 Cal. App. 2d 411, 335 P. 2d 964 (4th Dist. Ct. of Appeals), which held that the jury could infer, from the appearance of the wound on the back of the victim's scalp that a blunt object—a dangerous or deadly weapon—was used.

In the case under review, the victim was hit in the back of his head with an object of sufficient size so as to stun the victim, knock him to the floor, and cause a hematoma and a one to one and one-half inch laceration requiring four to five stitches on the back of the victim's head. The treating physician, with 30 years experience, testified that he would not have considered the wound minor if it had been inflicted to his head. He further testified that had the blow been delivered a little harder, such would have been life-threatening. This evidence is sufficient from which the jury could infer the instrument used by defendant was a dangerous weapon, implement or means, and created a danger or threat to the life of the victim. As stated in *State v. West,* 51 N.C. 505, 509 (1859), "the actual effects produced by the instrument, may aid in determining its character in this respect, and in showing that the person using it, ought to be aware of the danger of thus using it." Defendant's first assignments of error are overruled.

[2]  Defendant also contends the court erred in denying defendant's motion to dismiss the charge of assault with a deadly weapon inflicting serious injury on the ground that there was insufficient evidence for a rational trier of fact to find beyond a reasonable doubt that the victim incurred a "serious injury." We disagree.

The term "inflicts serious injury" means physical or bodily injury resulting from an assault with a dangerous weapon with intent to kill. "The injury must be serious but it must fall short of causing death. . . . Whether such serious injury has been inflicted must be determined according to the particular facts of each case." *State v. Jones*, 258 N.C. 89, 91, 128 S.E. 2d 1, 3 (1962). The facts of this particular case include the unrebutted testimony of the physician that due to its location the injury would have been life-threatening had the victim been hit a little harder, and that he would not have considered the blow minor had it been committed on him. The victim's head was cut; stitches were required as treatment. There was enough evidence from which the jury could infer the blow inflicted serious injury.

Lastly, defendant contends the court erred in failing to instruct the jury on the lesser included offense of simple assault. "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed." *State v. Hicks*, 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954). There was ample evidence of the greater offense in this case, while the record is void of any evidence tending to show that defendant may be guilty of a lesser included offense. The proper charges were given.

In the trial of the case we find

No error.

Judges HEDRICK and JOHNSON concur.