LEVINSON, Judge.
Defendant Antoine Steele was charged with possession with intent to sell or deliver a controlled substance. By a separate bill of indictment, defendant was charged with attaining the status of habitual felon. The State's evidence tended to show the following: In the early morning hours on 29 May 2002, Officers William S. Cook and Brad Tisdale of the Charlotte-Mecklenburg Police Department were conducting a surveillance operation for illegal activity at a BP gasoline station in the 3600 block of Brookshire Boulevard. Officer Cook observed defendant walk up to a vehicle that had just pulled underneath the canopy of the gas station. No one exited the vehicle or obtained gasoline, whichalerted the officer. Officer Cook observed defendant hand a small object to the driver and the driver hand money to defendant. After the vehicle drove away, defendant walked to the entrance of the gas station building.
Defendant engaged an individual in brief conversation at the door of the building and, after a few seconds, defendant and the individual exchanged an item for money with a quick movement of the hands. Based on Officer Cooks's involvement in over 300 drug arrests and in several surveillance operations of drug deals, Officer Cook suspected a drug sale and radioed Officer Tisdale. Defendant then entered the building. Officer Tisdale parked his vehicle in the gas station parking lot, entered the building and spoke to defendant. As Officer Tisdale accompanied defendant outside, defendant took his hand out of his right pocket and put it up to his mouth. Officer Tisdale tried to take hold of defendant's arm to prevent defendant from destroying any potential evidence, but defendant pulled his arm free and "went to run." Officer Tisdale and defendant started to struggle. Officer Cook left his surveillance position to help Officer Tisdale.
Upon Officer Cook's arrival, the officers arrested defendant. During a search of defendant, the officers found $65 on defendant's person. In the top of defendant's shoe, the officers found a small white object, later determined to be .08 grams of crack cocaine, wrapped in a corner of a plastic bag, which was tied off. Officer Cook testified at trial that based on his training and experience, he believed the crack cocaine was packaged for sale. Defendant did not offer any evidence. The trial court submitted the offense of possession with intent to sell and the lesser included offense of possession of cocaine to the jury. The jury found defendant guilty of possession with intent to sell or deliver cocaine and of attaining habitual felon status. The trial court sentenced defendant to 116 to 149 months imprisonment.
In his first argument on appeal, defendant contends that the trial court erred by failing to dismiss the possession with the intent to sell or deliver cocaine charge. Defendant concedes that he was in possession of the cocaine, but argues that there was insufficient evidence that he intended to sell or deliver the cocaine. We do not agree.
"In ruling upon a motion to dismiss, the trial court must determine if the State has presented substantial evidence of each essential element of the offense." State v. Reid, 151 N.C. App. 379, 382, 565 S.E.2d 747, 750 (2002). "Whether the evidence presented is substantial is a question of law for the court." State v. Siriguanico, 151 N.C. App. 107, 109, 564 S.E.2d 301, 304 (2002). "Evidence is substantial if it is relevant and adequate to convince a reasonable mind to accept a conclusion." State v. Robinson, 355 N.C. 320, 336, 561 S.E.2d 245, 255 (quoting State v. Parker, 354 N.C. 268, 278, 553 S.E.2d 885, 894 (2001)), cert. denied, 537 U.S. 1006, 154 L. Ed. 2d 404 (2002). When considering a criminal defendant's motion to dismiss, the trial court must view all of the evidence presented "in the light most favorable to the State, and the State is entitled to all reasonable inferences whichmay be drawn from the evidence." State v. Davis, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). The trial court correctly denies a motion to dismiss if "there is substantial evidence of every element of the offense charged, or any lesser offense, and of defendant being the perpetrator of the crime." State v. Ramseur, 338 N.C. 502, 507, 450 S.E.2d 467, 471 (1994).
The offense of possession with intent to sell or deliver has the following three elements: (1) possession of a substance; (2) the substance must be a controlled substance; (3) there must be intent to sell or distribute the controlled substance. See N.C.G.S. § 90-95(a)(1); State v. Fletcher, 92 N.C. App. 50, 55, 373 S.E.2d 681, 685 (1988). Intent is rarely shown by direct evidence, but most often must be shown by circumstantial evidence from which it may be inferred. State v. Jackson, 145 N.C. App. 86, 90, 550 S.E.2d 225, 229 (2001). Quantity is a relevant factor in deducing that a narcotic is being prepared for sale, but it is not the sole factor. State v. Roseboro, 55 N.C. App. 205, 210, 284 S.E.2d 725, 728 (1981) (citation omitted). "[T]he manner of [the controlled substance's] packaging, labeling, and storage, along with the activities of a defendant may be considered in establishing intent to sell and deliver by circumstantial evidence." State v. Carr, 122 N.C. App. 369, 373, 470 S.E.2d 70, 73 (1996).
In the instant case, the State presented sufficient evidence to permit a reasonable conclusion that defendant intended to sell and deliver the crack cocaine found in his possession. The evidence taken in the light most favorable to the State tended to show thatdefendant was seen having a hand to hand transaction with two individuals at the gasoline station; defendant attempted to flee from Officer Tisdale; and law enforcement found the crack cocaine, packaged inside the corner of a plastic bag, on defendant's person. Officer Cook, who was trained in narcotics identification and worked many drug arrests, believed the crack cocaine was packaged for sale. This evidence was sufficient to overcome defendant's motion to dismiss for insufficient evidence of his intent to sell and deliver controlled substances. Accordingly, we conclude that the trial court properly denied defendant's motion to dismiss. This assignment of error is overruled.
In his second argument on appeal, defendant makes an argument which is identical to the one recently rejected by our Supreme Court in State v. Jones, 358 N.C. 473, 598 S.E.2d 125 (2004). This assignment of error is overruled.
We note that our review of the record has disclosed an error in the judgment and commitment form entered 14 August 2003. Although the trial court checked the box to indicate that it had determined defendant's prior record points, the judgment and commitment form does not reflect defendant's specific prior record points and prior record level. Because the trial court correctly sentenced defendant within the presumptive range for a Class C felon as a prior record level III, which is the level noted in defendant's worksheet, it appears the errors are merely clerical and do not require resentencing. See State v. Hammond, 307 N.C. 662, 300 S.E.2d 361 (1983)(clerical error existed where the felonyjudgment and commitment form listed the crime of robbery with a deadly weapon as a Class C felony, whereas in fact it was a Class D felony). Therefore, we remand the matter for correction of the clerical error which may be accomplished without defendant's presence in court.
No error; remanded for correction of clerical error in the judgment.
Judges TIMMONS-GOODSON and CALABRIA concur.
Report per Rule 30(e).