STATE OF NORTH CAROLINA
v.
KENNETH JOEL CUPID.
No. COA04-137
North Carolina Court of Appeals
Filed September 20, 2005
This case not for publication
Guilford County Nos. 03 CRS 24126; 02 CRS 102982; 02 CRS 102985.
Attorney General Roy Cooper, by Assistant Attorney General Michael D. Youth, for the State.
Charns & Charns, by M. Alexander Charns, for defendant appellant.
McCULLOUGH, Judge.
Defendant appeals after being found guilty of possession of a firearm by a felon, robbery with a dangerous weapon, and felony fleeing to elude arrest with a motor vehicle. The State's evidence tended to show that Kevin Scott was the manager of a Subway restaurant. On 22 November 2002, Scott was working in the restaurant when defendant Kenneth Joel Cupid came in and placed an order for two subs. When another customer entered the restaurant, defendant left the counter area to go to the bathroom. After the second customer left the restaurant, defendant emerged from the bathroom and ordered a third sub and three drinks. Defendant appeared to be filling his cups with soda when he turned toward the counter, pointed a firearm at Scott, and said, "Give me your money or I'll shoot you."
The firearm was a loaded silver semi-automatic handgun, and defendant was pointing it at Scott's stomach at a range of one to two feet. Although the firearm appeared to be a strange color, Scott was correct in his belief that it was a real firearm. However, the firearm was not in optimal working condition. As a result of the paint which had been applied to the firearm, the gun's firing mechanism was stuck to the point that it may have been possible to discharge only if one used two hands. The crime scene technician who later came into possession of the firearm did not feel safe discharging the weapon with two hands, so he used a piece of wood and a hammer to safely discharge the firearm and clear the chamber.
After communicating his ultimatum to Scott, defendant instructed Scott to place money from the restaurant in a bag. Scott followed these instructions, and defendant took the bag, which contained between $450.00 and $500.00 and exited through the front door.
After hearing all of the evidence, the jury convicted defendant of robbery with a dangerous weapon, felony fleeing to elude arrest with a motor vehicle, and possession of a firearm by a felon. Defendant was sentenced to active punishment in the North Carolina Department of Corrections. Defendant appeals.
On appeal, defendant argues that the trial court erred by (1) refusing to dismiss the charge of robbery with a dangerous weapon because of insufficient evidence, (2) failing to give an explicit jury instruction addressing whether the firearm could be operated, (3) consolidating all charges against defendant for trial, and (4) failing to record certain portions of the proceedings. We conclude that defendant received a fair trial free from reversible error but that defendant is entitled to be resentenced.

I. Sufficiency of the Evidence
Defendant argues that the trial court erred by denying his motion to dismiss the charge of robbery with a dangerous weapon due to insufficiency of the evidence.
When ruling on a motion to dismiss, it is well settled that
the trial court must view all the evidence, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from it and resolving any contradiction in the evidence in its favor. "The question for the court is whether substantial evidencedirect, circumstantial, or bothsupports each element of the offense charged and defendant's perpetration of that offense." "`Substantial evidence' is that amount of relevant evidence that a reasonable mind might accept as adequate to support a conclusion." "If there is substantial evidence of each element of the offense charged, or any lesser included offenses, the trial court must deny the motion to dismiss . . . and submit [the charges] to the jury for its consideration; the weight and credibility of such evidence is a question reserved for the jury."
State v. Abraham, 338 N.C. 315, 328, 451 S.E.2d 131, 137 (1994) (citations omitted).
The elements of robbery with a dangerous weapon are: (1) the unlawful taking or an attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened.
State v. Small, 328 N.C. 175, 181, 400 S.E.2d 413, 416 (1991). In deciding whether a robbery is in fact an armed robbery, "[t]he determinative question is whether the evidence was sufficient to support a jury finding that a person's life was in fact endangered or threatened." State v. Alston, 305 N.C. 647, 650, 290 S.E.2d 614, 616 (1982).
Defendant argues that the firearm in this case was inoperative and therefore posed no threat to the victim. Thus, defendant concludes that the jury should not have had the option of finding defendant guilty of robbery with a dangerous weapon. In contrast, the State contends that there is substantial evidence in the record showing that the gun was operable and that the victim's life was in danger.
In the case at bar, the gun that was used in the robbery contained a magazine and a live round in the chamber. The handgun had been painted, and the paint caused the gun's hammer to appear to be stuck in the cocked position. Defendant presented an expert who testified that the gun was not operative when he examined it on 13 August 2003, nine months after the robbery occurred. However, the crime scene technician raised the possibility that the perpetrator could have discharged the gun by using two hands. This is substantial evidence which tended to show that the gun was operable and posed a threat to the victim. Therefore, the trial court was correct in denying defendant's motion to dismiss. We overrule this assignment of error.

II. Instruction on Whether the Firearm Was Operable
Defendant argues that the trial court erred when it instructed the jury. During the charge conference, the trial court informed defendant that it intended to instruct the jury on both robbery with a firearm and common law robbery using the Pattern Jury Instructions. In response, defendant asked the trial court to give an additional instruction which focused the jury's attention on the question of whether or not the handgun was functional and therefore capable of endangering a person's life. The trial court acknowledged that there was evidence that the firearm was a dangerous weapon and evidence that it was not. However, the trial court denied the request for an additional instruction because it addressed defendant's concern by instructing the jury on the offense of common law robbery, a crime which does not require the presence of a dangerous weapon.
"The trial court is not required to frame its instructions with any greater particularity than is necessary to enable the jury to understand and apply the law to the evidence bearing upon the elements of the crime charged." State v. Weddington, 329 N.C. 202, 210, 404 S.E.2d 671, 674 (1991). The trial court has discretion in choosing the language it uses when giving a jury instruction. State v. Lewis, 346 N.C. 141, 145, 484 S.E.2d 379, 381 (1997). "[I]f a request is made for a jury instruction which is correct in itself and supported by evidence, the trial court must give the instruction at least in substance." State v. Harvell, 334 N.C. 356, 364, 432 S.E.2d 125, 129 (1993). "A jury instruction must be evaluated as a whole." State v. Roache, 358 N.C. 243, 312, 595 S.E.2d 381, 425 (2004). "If the entire instruction is an accurate statement of the law, one isolated piece that might be considered improper or wrong on its own will not be found sufficient to support reversal." Id.
We have also considered how the judge should instruct the jury in cases that involve robbery with a firearm where there is conflicting evidence on whether the firearm was operable. In Joyner, our Supreme Court stated:
As a result [of the conflicting evidence on whether the firearm was operable], the mandatory presumption of danger or threat to life arising from the defendant's use of what appeared to the victim to be a firearm or other dangerous weapon disappeared leaving a mere permissive inference to that effect. The result was that the jury was free to infer either that the disputed element of the offense of the armed robbery did or did not exist. The trial court correctly provided for both possibilities when it properly instructed the jury that they were to consider possible verdicts of guilty of armed robbery, guilty of the lesser included offense of common law robbery and not guilty.

Joyner, 312 N.C. at 786, 324 S.E.2d at 846 (emphasis added) (citations omitted).
In the present case, the trial court's initial instruction complied with all legal requirements. As was the case in Joyner, the trial court instructed the jury that it should consider whether defendant was guilty of robbery with a firearm or common law robbery. By giving the jury both options, the trial court addressed defendant's concern regarding whether the handgun was functional and therefore capable of endangering a person's life.
In a related argument, defendant takes issue with a supplemental instruction that the trial court gave after the jury began deliberations. Pursuant to N.C. Gen. Stat. § 15A-1234(a) (2003):
After the jury retires for deliberation, the judge may give appropriate additional instructions to:
(1) Respond to an inquiry of the jury made in open court; or
(2) Correct or withdraw an erroneous instruction; or
(3) Clarify an ambiguous instruction; or
(4) Instruct the jury on a point of law which should have been covered in the original instructions.
Shortly after the jury began its deliberations, it presented the trial court with the following question: "Does it make any difference if the gun is functional or not[?]" The trial court responded to the inquiry by giving the following supplemental instruction:
Now, Members of the Jury, a firearm is described and defined as a handgun which expels a projectile by action of an explosion. If State's Exhibit Number 4 was inoperable as a firearm during the commission of the armed robbery, then it would be incapable of endangering the life of a person. In deciding whether State's Exhibit Number 4 was a firearm for purposes of the charge of robbery with a firearm, the determinative question is whether the evidence is sufficient to support a finding that a person's life was, in fact, endangered or threatened by its use as a firearm.
One of the jurors asked the trial court to re-read the instruction. The trial court stated that it would repeat the instruction verbatim and did so except that the word "armed" was dropped from the second sentence: "If [the handgun at issue] was inoperable as a firearm during the commission of the robbery, then it would be incapable of endangering the life of a person."
Defendant argues that the supplemental instruction presumed the commission of an "armed robbery" the first time and a "robbery" the second time. Thus, defendant claims that he is entitled to a new trial because the jury did not receive accurate instructions on the law.
Pursuant to N.C. R. App. P. 10(b)(1) (2004):
In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.
In this case, defendant did not object to the supplemental instruction and did not request any corrections or additions to it. However, defendant asserts that we should apply the plain error rule.
Under the plain error rule, "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." State v. Odom, 307 N.C. 655, 665, 300 S.E.2d 375, 378 (1983) (citation omitted). The plain error rule "is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a `fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done. . . .'" Id. at 660, 300 S.E.2d at 378 (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir. 1982)). To prevail on plain error review, defendant must show the jury would have likely reached a different result absent the alleged error. Id. Considering the instructions as a whole, we cannot conclude that defendant was prejudiced. The trial court's initial instruction complied with all legal requirements. Further, the supplemental instruction helped to clarify the jury's question as to whether the gun was operable. We do not believe that it presumed the commission of a "robbery" or "an armed robbery" and that the jury understood that it was to decide this question. Finally, defendant has not shown that absent this error, the jury would have likely reached a different result. We overrule this assignment of error.

III. Consolidation of the Charges
Defendant contends that the joinder of charges in this case and the parties' stipulation that defendant had been convicted of another felony in 1994 unduly prejudiced him. Defendant suggests that his counsel and the trial court should have acted to prevent the prejudice and that these failures amounted to plain error and ineffective assistance of counsel. We disagree.
In State v. Walker, 154 N.C. App. 645, 647, 572 S.E.2d 866, 868 (2002), this Court considered whether the trial court's failure to sever possession of a handgun charge from his other cases and admitting details of his prior felony was erroneous. Since the defendant in Walker failed to object to the consolidation of the three charges, the Court could only consider the argument under a plain error standard. Id. at 651, 572 S.E.2d at 871. The Court rejected this argument because "[d]efendant . . . failed to show that the jury may have reached a different result or that the trial court not severing the trials ex mero motu was so fundamental an error as to deny him a fair trial." Id. The Court also rejected defendant's claim for ineffective assistance of counsel because "defendant . . . [could not] show that by failing to object to the joinder that his counsel was so deficient that it prejudiced his defense." Id.
In the present case, a similar result is warranted. Here, defendant did not object to the consolidation of the charges. Similarly, defendant did not request a limiting instruction either before or after the stipulation of the prior felony was read to the jury. Finally, defendant has not shown that the jury would have reached a different result if joinder had not been allowed or if a limiting instruction had been given. We overrule this assignment of error.

IV. Failing to Record Parts of the Proceedings
Defendant argues that the trial court committed plain error by failing to record certain parts of the proceedings. However, our appellate courts have only applied the plain error rule to jury instructions or evidentiary matters. State v. Atkins, 349 N.C. 62, 81, 505 S.E.2d 97, 109-10 (1998), cert. denied, 526 U.S. 1147, 143 L. Ed. 2d 1036 (1999). Since this issue does not involve a jury instruction or an evidentiary matter, we decline to conduct plain error review. We overrule this assignment of error.

V. Sentencing
Defendant also contends, via a motion for appropriate relief, that the trial court unconstitutionally determined that he was a prior record level IV for sentencing purposes. The trial court assigned eight prior record level points for prior convictions and one point because the offenses for which defendant was being sentenced were committed "(a) while on . . . probation, parole, or post-release supervision; or (b) while serving a sentence of imprisonment; or (c) while on escape." The one additional point resulted in defendant having a prior record level IV rather than a level III. Defendant contends that a jury had to determine whether he should be assigned any prior record level points.
Recently, this Court held that a defendant's constitutional right to a trial by jury may be violated if his prior record level is increased by a judicial finding that he committed the offense for which he is being sentenced while on probation, parole, or post-release supervision. State v. Wissink, COA04-1081, slip op.at 12, ___ N.C. ___, ___, ___ S.E.2d ___, ___ (filed 16 August 2005). We are bound by the Wissink holding. Therefore, we are compelled to hold that the trial court could not enhance defendant's prior record level based on a judicial finding that defendant committed the offenses for which he was being sentenced "while on . . . probation, parole, or post-release supervision; or . . . while serving a sentence of imprisonment; or . . . while on escape."
However, the United States Supreme Court has held that the constitutional right to a jury trial is not violated when a trial judge determines the existence of a defendant's previous convictions. Blakely v. Washington, 542 U.S. 296, ___, 159 L. Ed. 2d 403, ___ (2004), reh'g denied, ___ U.S. ___, 159 L. Ed. 2d 851 (2004), and State v. Allen, 359 N.C. 425, 615 S.E.2d 256 (2005) ("`Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'") (quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 147 L. Ed. 2d 435 (2000)). Therefore, it was not unconstitutional for the trial court to assign defendant eight prior record level points based on the trial court's determination that defendant had been previously convicted of the offense for which these points were assigned.
Defendant's Motion for Appropriate Relief is allowed in part and denied in part, and this case is remanded for imposition of a sentence that comports with this Court's decision in Wissink.
Motion for Appropriate Relief is allowed in part and denied in part. Case remanded for resentencing.
Judges McGEE and ELMORE concur.
Report per Rule 30(e).